IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN TEED, on behalf of himself
and all others similarly situated,                        OPINION AND ORDER

                          Plaintiffs,
                                                                08-cv-303-bbc
        v.

JT PACKARD & ASSOCIATES, INC. and
S.R. BRAY CORPORATION,
d/b/a POWER PLUS!,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCUS CLAY, on behalf of himself
and others similarly situated,                            OPINION AND ORDER

                          Plaintiffs,
                                                                09-cv-313-bbc
        v.

JT PACKARD & ASSOCIATES, INC. and
S.R. BRAY CORPORATION,
d/b/a POWER PLUS!,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In these class action lawsuits, plaintiffs Brian Teed and Marcus Clay contend that

1

defendants JT Packard & Associates, Inc. and Power Plus! violated federal and state overtime compensation laws. Defendants have advised the court that defendant JT Packard & Associates, Inc. has filed for receivership under Wis. Stat. ch. 128 in the Circuit Court for Dane County.  In re JT Packard & Associates, Inc., No. 09-cv-5940.

Now before the court are defendants' motions to dismiss or stay all proceedings in these cases until the state court proceedings are complete.  Because I am not persuaded that a dismissal or stay is appropriate in these cases, I will deny defendants' motions.

Also before the court are plaintiffs' motions for leave to file a sur-reply.  No additional arguments from plaintiffs are necessary to convince me that defendants' motions to dismiss should be denied.

OPINION

Arguing that this court should abstain from exercising its jurisdiction in these cases and allow the state court to resolve plaintiffs' claims in the context of the receivership action. defendants rely on the abstention principles explained in Burford v. Sun Oil Co., 319 U.S. 315 (1943), and Hartford Casualty Insurance Co. v. Borg-Warner Corp., 913 F.3d 419 (7th Cir. 1990).  The import of these cases is that a federal court must be mindful of its "virtually unflagging obligation" to exercise the jurisdiction given it.  Tyrer v. City of Beloit, Ill., 456 F.3d 744, 750-51 (7th Cir. 2006) (internal quotations omitted).  Because of this obligation,

2

abstention is "rarely" appropriate, Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 728 (1996), and a court should abstain only when presented with the "clearest of justifications."   AAR International, Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 518 (7th Cir. 2001) (citation omitted); Property & Casualty Insurance Ltd. v. Central National Insurance Co. of Omaha, 936 F.2d 319, 321 (7th Cir. 1991) ("abstention remains the exception, not the rule") (internal quotations omitted).

Abstention under Burford is appropriate in two situations.  "First, federal courts should abstain from deciding difficult questions of state law bearing on policy problems of substantial import . . . ." International College of Surgeons v. City of Chicago, 153 F.3d 356, 362 (7th Cir. 1998) (internal quotations omitted).  Second, courts "should also abstain from the exercise of federal review that would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Id.  The Court of Appeals for the Seventh Circuit has applied the second type of Burford abstention in cases involving state insurance rehabilitation proceedings, noting that states have assumed primary responsibility for regulating the insurance industry.  E.g., Hartford, 913 F.2d at 425-27 (finding Burford abstention appropriate where Illinois had implemented state-court rehabilitation proceeding that would resolve plaintiff's claims); see also Mountain Funding, Inc. v. Frontier Insurance Co., 329 F. Supp. 2d 994, 999 (N.D. Ill. 2004) (abstention appropriate where insurance liquidation proceeding was adjudicating all claims against

3

defendant in detailed and uniform manner). Defendants argue that the receivership

proceeding for defendant JT Packard is similar to a state insurance rehabilitation proceeding

and represents a state effort to establish a coherent policy for a matter of great public

concern. Therefore, defendants argue, abstention is warranted under the second type of

Burford abstention.

However, "Burford abstention requires a very careful and fact-specific inquiry."

Property & Casualty Insurance Ltd., 936 F.2d at 326 n.13. Abstention is proper under

Burford only if the state "offer[s] some forum in which [plaintiffs'] claims may be litigated."

Id. at 323. Moreover,"that forum must be special—it must stand in a special relationship

of technical oversight or concentrated review to the evaluation of those claims." Id. "The

ability to point to a specialized proceeding is a prerequisite of, not a factor in, the second

type of Burford abstention." Id. Thus, as the proponents of abstention, defendants have

the burden of establishing the existence of a "specialized proceeding" that would allow

concentrated review of all claims against defendant JT Packard & Associates.

Defendants have not met their burden. They have not provided evidence suggesting

that the state court has commenced the type of specialized proceeding to which Burford paid

deference. Property & Casualty Insurance, Ltd, 936 F.2d 319, 320 (finding evidence

insufficient to uphold district court's decision to abstain in dispute over reinsurance

agreement when Nebraska's director of insurance placed defendant into rehabilitation; no

indication that rehabilitator had attempted to commence proceeding to evaluate creditor claims against defendant or to indicate that such proceeding, if commenced, would provide technical oversight or concentrated review over plaintiff's claims).

Like the defendants in Property & Casualty Insurance, Ltd, defendants in these cases have made no showing that the state court is providing a special forum in which creditors such as plaintiffs may bring their claims. Defendants point to an order issued by the Circuit Court for Dane County that enjoins and restrains all creditors of defendant JT Packard from

> (a) commencing any action or prosecuting any other action now pending other than in these proceedings; (b) enforcing against Assignor or its property any judgment; and (c) taking any action to collect or recover a claim against Assignor.

Defendants contend that this order, along with the fact that plaintiffs have filed an objection in the receivership court to the sale of JT Packard's assets, establishes that plaintiffs have a forum in which to litigate their overtime compensation claims. I disagree. It is uncertain from this language whether the type of claims asserted by plaintiff would even be adjudicated in the receivership action. Defendants have cited no provision in the Wisconsin receivership statute, Wis. Stat. ch. 128, and I have not found any that requires a specialized creditor claims proceeding in which claims such as those raised by plaintiffs would be adjudicated. Defendants cite one Wisconsin Court of Appeals case to support this proposition, Admanco, Inc. v. 700 Stanton Drive, LLC, 2009 WI App 57, ¶¶ 1-8, 318 Wis.

5

2d 232, 237-40, 768 N.W.2d 32, 34-36, but that case was an action filed by a receiver to recover property belonging to the insolvent company.   Admanco does not support defendants' contention that creditors such as plaintiffs can fully litigate claims as part of a receivership proceeding.

Also, defendants have provided no evidence suggesting that the receiver for JT Packard has commenced a specialized creditor proceeding to adjudicate plaintiffs' claims. Instead, defendants allege that JT Packard's assets will be sold soon, "free and clear" of any outstanding creditor claims, and the proceeds given entirely to a creditor bank.  In particular, defendants state that

> The practical effect of the receivership will be to render the Plaintiffs' claims valueless because all the assets that JT Packard would use to pay any judgment in this case are previously encumbered and will be taken from it in that proceeding.

It is difficult to reconcile this statement with defendants' assertion that the receivership court provides an adequate forum for plaintiffs' claims.

Finally, even if there were evidence of a creditor proceeding, there is no evidence that the Circuit Court of Dane County stands in any specialized relationship of technical oversight or concentrated review to the evaluation of plaintiffs' overtime claims against defendants.   Property & Casualty Insurance Ltd., 936 F.2d at 326 ("proceeding of an unknown nature . . . cannot provide the basis" for abstention); see also International College,

6

153 F.3d at 364-65 (holding abstention inappropriate where state court's jurisdiction not based on any particular expertise or specialized knowledge of landmark ordinance at issue); Edgewater Beach Apartments Corp. v. Frontier Insurance Co., 2009 WL 779957, *4 (N.D. Ill. Mar. 19, 2009) (holding that abstention not appropriate because state's insurance rehabilitation procedure did not provide specialized forum or judicial review of plaintiff's claims).

As the Supreme Court has emphasized, "federal courts have a strict duty to exercise the jurisdiction that is conferred on them by Congress." Quackenbush, 517 U.S. at 716. Because defendants have failed to show that the requirements of Burford are satisfied and that abstention is warranted, I will deny their motions to dismiss or stay these cases.

ORDER

IT IS ORDERED that

1. Plaintiff Brian Teed's motion for leave to file a sur-reply, dkt. #71 in case 08-cv-303-bbc, and plaintiff Marcus Clay's motion for leave to file a sur-reply, dkt. #28 in case 09-cv-313-bbc, are DENIED as unnecessary.

2. The motions to dismiss or stay, dkt. #65 in case  08-cv-303-bbc and dkt. #22 in case 09-cv-313-bbc, filed by defendants JT Packard & Associates, Inc. and Power Plus! are

DENIED.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

8